# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **CRYSTAL MALONE,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO.: _____** |
| | § | |
| **STATE FARM LLOYDS,** | § | |
| | § | |
| **Defendant.** | § | |

| EXHIBIT | DESCRIPTION |
|---|---|
| **A.** | Index of Matters Being Filed |
| **B.** | Docket Sheet in the Removed Action |
| **C.** | Plaintiff's Original Petition filed on April 17, 2023 |
| **D.** | Citation and return of service to State Farm Lloyds filed with the court on May 3, 2023 |
| **E.** | State Farm Lloyds' Answer to Plaintiff's Original Petition filed May 12, 2023 |
| **F.** | Affidavit of Weslie Sawyer |
| **G.** | List of Counsel of Record |

Respectfully Submitted,

_/s/ Susan E. Egeland_
SUSAN E. EGELAND
State Bar No. 24040854
susan.egeland@faegredrinker.com
MATTHEW C. SAPP
State Bar No. 24063563
matt.sapp@faegredrinker.com
KRISTEN L. PERRY
State Bar No. 24090015
Kristen.perry@faegredrinker.com
FAEGRE DRINKER BIDDLE & REATH LLP
1717 Main Street, Suite 5400
Dallas, Texas 75201
(469) 357-2500 (Telephone)
(469) 327-0860 (Facsimile)

**ATTORNEYS FOR DEFENDANT**

## <u>CERTIFICATE OF SERVICE</u>

I certify that a true and correct copy of the foregoing document was served on all counsel of record in accordance with the Federal Rules of Civil Procedure on May 16, 2023.

_/s/ Susan E. Egeland_
SUSAN E. EGELAND

# EXHIBIT B

## Case Information

CV23-0530 | Crystal Malone v. State Farm Lloyds

| Case Number | Court | Judicial Officer |
|---|---|---|
| CV23-0530 | 43rd District Court | Towson, Craig |
| File Date | Case Type | Case Status |
| 04/17/2023 | Contract - Consumer/Commercial/Debt | Filed |

## Party

| Plaintiff | Active Attorneys ▾ |
|---|---|
| Malone, Crystal | Lead Attorney |
| | Wilson, Chad T. |
| | Retained |

| Defendant | Active Attorneys ▾ |
|---|---|
| State Farm Lloyds | Lead Attorney |
| | Egeland, Susan E |
| | Retained |

## Events and Hearings

| 04/17/2023 Case Filed (OCA) |
|---|
| 04/17/2023 Plaintiff's Original Petition |
| 04/17/2023 Letter |
| 04/17/2023 Citation ▾<br><br>Served<br>**04/24/2023** |
| 05/12/2023 Original Answer |

## Financial

Malone, Crystal

| | | | | |
|---|---|---|---|---|
| Total Financial Assessment | | | | $368.00 |
| Total Payments and Credits | | | | $368.00 |
| | | | | |
| 4/17/2023 | Transaction Assessment | | | $368.00 |
| 4/17/2023 | E-File Payment | Receipt # 2023-05469 | Malone, Crystal | ($231.00) |
| 4/17/2023 | State Credit | | | ($137.00) |

# EXHIBIT C

Filed: 4/17/2023 10:20 AM
Sharena Gilliland
District Clerk
Parker County, Texas
Tarryn Turnbow

CV23-0530

CAUSE NO. _____

| | | |
|---|---|---|
| CRYSTAL MALONE, | § | IN THE JUDICIAL COURT OF |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| V. | § | PARKER COUNTY, TEXAS |
| | § | |
| STATE FARM LLOYDS, | § | Parker County - 43rd District Court |
| | § | |
| *Defendant.* | § | ____ DISTRICT COURT |

## PLAINTIFF'S ORIGINAL PETITION, JURY DEMAND, AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Crystal Malone, ("Plaintiff"), and files *Plaintiff's Original Petition, Jury Demand, and Request for Disclosure*, complaining of State Farm Lloyds ("State Farm" or "Defendant") and for cause of action, Plaintiff respectfully shows the following:

### DISCOVERY CONTROL PLAN

1.   Plaintiff intends to conduct discovery under Level 2, Texas Rules of Civil Procedure 190.3.

### PARTIES

2.   Plaintiff, Crystal Malone, resides in Parker County, Texas.

3.   Defendant, State Farm Lloyds, is an insurance company, engaged in the business of insurance in the State of Texas.  Plaintiff requests service of citation upon State Farm, through its registered agent for service listed with the Texas Department of Insurance: **Corporation Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.** Plaintiff requests service at this time.

### JURISDICTION

4.   The Court has jurisdiction over State Farm because this Defendant engages in the business of insurance in the State of Texas, and the causes of action arise out of State Farm's

business activities in the state, including those in Parker County, Texas, with reference to this specific case.

**VENUE**

5.  Venue is proper in Parker County, Texas because the insured property is located in Parker County, Texas, and all or a substantial part of the events giving rise to this lawsuit occurred in Parker County, Texas. TEX. CIV. PRAC. & REM. CODE § 15.032.

**FACTS**

6.  Plaintiff asserts claims for breach of contract, common law bad faith, negligence, gross nengligence, violations of sections 541 and 542 of the Texas Insurance Code, and violations of the Texas DTPA.

7.  Plaintiff owns a State Farm Lloyds insurance policy, number 84E3N7494 ("the Policy"). At all relevant times, Plaintiff owned the insured premises located at 250 Ann Brown Drive, Weatherford, Texas 76085 ("the Property").

8.  State Farm Lloyds or its agent sold the Policy, insuring the Property, to Plaintiff. State Farm Lloyds represented to Plaintiff that the Policy included coverage for burst pipes and/or sudden water loss. During the policy period from April 28, 2020 to April 28, 2021, the Property sustained extensive water damage resulting from a plumbing leak. State Farm assigned a date of loss of February 17, 2021, to Plaintiff's claim.

9.  In the aftermath of the event, Plaintiff submitted a claim to State Farm against the Policy for damage to the Property. State Farm assigned claim number 43-16P3-23X to Plaintiff's claim.

10. Plaintiff asked State Farm to cover the cost of damage to the Property pursuant to the Policy.

2

11. State Farm hired or assigned its agent, Moore, to inspect and adjust the claim. Moore conducted an inspection on or about February 26, 2021, according to the information contained in his estimate. Following this, State Farm engaged along with Moore, engaged in a scheme to slowly dribble out insufficient payments and supplements over the course of the next year. These payments totaling $38,803.94 where wholly insufficient to make repairs and caused further damage due to the slow nature of the payments. After application of depreciation and $6,900.00 deductible, Plaintiff was left without adequate funds to make repairs on the entirety of the claim. These slow payments induced Plaintiff to thiking that Defendant would ultimately believe additional, sufficient funds were coming, only to then ultimately stop payments with insufficient amounts.

12. State Farm, through its agent, Moore, conducted a substandard and improper inspection of the Property, which grossly undervalued the cost of repairs in its estimate and yielded an unrealistic amount to underpay coverage.

13. State Farm and Moore have ultimately refused full coverage which includes, but is not limited to, the kitchen, living room, bathroom, den, entry/foyer, closet, dining room, laundry room, garage bathroom, master bedroom, stairs, hallway, master bath.

14. The damage to Plaintiff's Property is currently estimated at $125,998.13.

15. Moore had a vested interest in undervaluing the claims assigned to him by State Farm in order to maintain his employment. The disparity in the number of damaged items in his report compared to that of the third-party inspector's as well as the difference in valuation is evidence of unfair claims handling practices on the part of Moore.

16. Furthermore, Moore was aware of Plaintiff's deductible prior to inspecting the Property. Moore had advanced knowledge of the damages he needed to document in order to be able

to deny the claim.

17.  Moore misrepresented the actual amount of damage Plaintiff's Property sustained in addition to how much it would cost to repair the damage. Moore made these misrepresentations as a licensed Texas adjuster with the hope that Plaintiff would rely on his expertise and accept the bad faith estimate as a true representation of the damages.

18.  After reviewing Plaintiff's Policy, Moore misrepresented that the damage was caused by non-covered perils. Moore used his expertise to fabricate plausible explanations for why visible damage to Plaintiff's Property would not be covered under the policy.

19.  As stated above, State Farm and Moore improperly and unreasonably adjusted Plaintiff's claim. Without limitation, State Farm and Moore misrepresented the cause of, scope of, and cost to repair damages to Plaintiff's Property, as well as the amount of insurance coverage for Plaintiff's claim or loss under the Policy.

20.  State Farm and Moore made these and other false representations to Plaintiff, either knowingly or recklessly, as a positive assertion, without knowledge of the truth. State Farm and Moore made these false representations with the intent that Plaintiff acts in accordance with the misrepresentations regarding the grossly deficient damage and repair estimates prepared by Moore.

21.  Plaintiff relied on State Farm and Moore's misrepresentations, including but not limited to those regarding coverage, the cause of, scope of, and cost to repair the damage to Plaintiff's Property. Plaintiff's damages are the result of Plaintiff's reliance on these misrepresentations.

22.  Upon receipt of the inspection and estimate reports from Moore, State Farm failed to assess the claim thoroughly. Based upon Moore's grossly unreasonable, intentional, and reckless

4

failure to investigate the claim properly prior to underpaying coverage, State Farm failed to provide coverage due under the Policy, and Plaintiff suffered damages.

23. Because State Farm and Moore failed to provide coverage for Plaintiff's insurance claim, Plaintiff has been unable to complete any substantive repairs to the Property. This has caused additional damage to Plaintiff's Property.

24. Furthermore, State Farm and Moore failed to perform their contractual duties to Plaintiff under the terms of the Policy. Specifically, Moore performed an unreasonable and substandard inspection that allowed State Farm to refuse to pay full proceeds due under the Policy, although due demand was made for an amount sufficient to cover the damaged Property, and all conditions precedent to recover upon the Policy were carried out by Plaintiff.

25. State Farm and Moore's misrepresentations, unreasonable delays, and continued denials constitute a breach of the statutory obligations under Chapters 541 and 542 of the Texas Insurance Code. Thus, the breach of the statutory duties constitutes the foundation of a breach of the insurance contract between Defendant and Plaintiff.

26. State Farm and Moore's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a) (1). State Farm and Moore have failed to settle Plaintiff's claim in a fair manner, although they were aware of their liability to Plaintiff under the Policy. Specifically, State Farm and Moore have failed to, in an honest and fair manner, balance their own interests in maximizing gains and limiting disbursements, with the interests of Plaintiff by failing to timely pay Plaintiff coverage due under the Policy.

27. State Farm and Moore's conduct constitutes a violation of the Texas Insurance Code,

Unfair Settlement Practices.  TEX. INS. CODE §541.060(a) (2) (A).  State Farm and Moore failed to provide Plaintiff a reasonable explanation for underpayment of the claim.

28.    Additionally, after State Farm received statutory demand on or about February 10, 2023, State Farm has not communicated that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did it provide any explanation for failing to settle Plaintiff's claim properly.

29.    State Farm and Moore's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a) (4).  Moore performed a biased and intentionally substandard inspection designed to allow State Farm to refuse to provide full coverage to Plaintiff under the Policy.

30.    Specifically, State Farm and Moore performed an outcome-oriented investigation of Plaintiff's claims, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's losses on the Property.

31.    State Farm's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims.  TEX. INS. CODE §542.055.  Due to Moore subpar inspection, State Farm failed to reasonably accept or deny Plaintiff's full and entire claim within the statutorily mandated time after receiving all necessary information.

32.    State Farm's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims.  TEX. INS. CODE §542.056.  Due to Moore's intentional undervaluation of Plaintiff's claims, State Farm failed to meet its obligations under the Texas Insurance Code regarding timely payment of the claim.  Specifically, Moore's understatement of the damage to the Property caused State Farm to delay full payment of Plaintiff's claim longer than allowed, and Plaintiff has not received rightful payment for Plaintiff's claim.

33.     State Farm and Moore's wrongful acts and omissions have forced Plaintiff to retain the professional services of the attorneys and law firm representing her with respect to these causes of action.

## CAUSES OF ACTION AGAINST DEFENDANT
## STATE FARM LLOYDS

34.     All paragraphs from the fact section of this petition are hereby incorporated into this section.

### BREACH OF CONTRACT

35.     State Farm is liable to Plaintiff for intentional violations of the Texas Insurance Code, and intentional breach of the common law duty of good faith and fair dealing. It follows, then, that the breach of the statutory duties constitutes the foundation of an intentional breach of the insurance contract between State Farm and Plaintiff.

36.     State Farm's failure and/or refusal to pay adequate coverage as obligated under the Policy, and under the laws of the State of Texas, constitutes a breach of State Farm's insurance contract with Plaintiff.

### NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE:
### UNFAIR SETTLEMENT PRACTICES

37.     State Farm's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are actionable by TEX. INS. CODE §541.151.

38.     State Farm's unfair settlement practice of misrepresenting to Plaintiff material facts relating to coverage constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a) (1).

39.     State Farm's unfair settlement practice of failing to attempt in good faith to make a prompt,

fair, and equitable settlement of the claim, even though State Farm's liability under the Policy was reasonably clear, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a) (2) (A).

40. State Farm's unfair settlement practice of failing to provide Plaintiff a prompt and reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for underpayment and denial of the claim, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a) (3).

41. State Farm's unfair settlement practice of refusing to pay Plaintiff's full claim without conducting a reasonable investigation constitutes an unfair method of competition and a deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a) (7).

## NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF CLAIMS

42. State Farm's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims.  All violations made under this article are actionable under TEX. INS. CODE §542.060.

43. State Farm's delay in paying Plaintiff's claim following receipt of all items, statements, and forms reasonably requested and required, for longer than the amount of time provided, constitutes a non-prompt payment of the claim.  TEX. INS. CODE §542.058.

## BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

44. State Farm's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to an insured in insurance contracts.

45. State Farm's failure to adequately and reasonably investigate and evaluate Plaintiff's claim, even though State Farm knew or should have known by the exercise of reasonable diligence that liability was reasonably clear, constitutes a breach of the duty of good faith and fair

dealing.

## DTPA VIOLATIONS

46. State Farm's conduct constitutes multiple violations of the Texas Deceptive Trade Practices Act ("DTPA"), TEX. BUS. & COM. CODE 17.41–63. Plaintiff is a consumer of goods and services provided by State Farm pursuant to the DTPA. Plaintiff has met all conditions precedent to bring this cause of action against State Farm. Specifically, State Farm's violations of the DTPA include, without limitation, the following matters:

A. By its acts, omissions, failures, and conduct, State Farm has violated sections 17.46(b)(2), (5), (7), (9), (12), (20) and (24) of the DTPA. State Farm's violations include, (1) unreasonable delays in the investigation, adjustment, and resolution of Plaintiff's claim, (2) failure to give Plaintiff the benefit of the doubt, and (3) failure to pay for the proper repair of Plaintiff's property when liability has become reasonably clear, which gives Plaintiff the right to recover under section 17.46(b)(2).

B. State Farm represented to Plaintiff that the Policy and State Farm's adjusting agent and investigative services had characteristics or benefits they did not possess, which gives Plaintiff the right to recover under section 17.46(b)(5) of the DTPA.

C. State Farm represented to Plaintiff that State Farm's Policy and adjusting services were of a particular standard, quality, or grade when they were of another, in violation of section 17.46(b)(7) of the DTPA.

D. State Farm advertised the Policy and adjusting services with the intent not to sell them as advertised, in violation of section 17.46(b)(9) of the DTPA.

E. State Farm breached an express warranty that the damages caused by wind and hail

9

would be covered under the Policy.  This breach entitles Plaintiff to recover under sections 17.46(b) (12) and (20) and 17.50(a) (2) of the DTPA.

F.   State Farm's actions are unconscionable in that State Farm took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree. State Farm's unconscionable conduct gives Plaintiff a right to relief under section 17.50(a) (3) of the DTPA; and

G.   State Farm's conduct acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of section 17.50(a)(4) of the DTPA.

47.   Each of the above-described acts, omissions, and failures of State Farm is a producing cause of Plaintiff's damages.  All of State Farm's acts, omissions, and failures were committed "knowingly" and "intentionally," as defined by the Texas Deceptive Trade Practices Act.

## KNOWLEDGE

48.   Defendants made each of the acts described above, together and singularly, "knowingly," as defined in the Texas Insurance Code, and each was a producing cause of Plaintiff's damages described herein.

## WAIVER AND ESTOPPEL

49.   Defendant waived and is estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiff.

## DAMAGES

50.   The damages caused to the Property have not been properly addressed or repaired since the

10

claim was made, causing further damage to the Property, and undue hardship and burden to Plaintiff. These damages are a direct result of Defendants' mishandling of Plaintiff's claims in violation of the laws set forth above.

51.  Plaintiff currently estimates that actual damages to the Property under the Policy are $125,998.13, less deductible and prior payments.

52.  Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained. The above-described acts, omissions, failures, and conduct of Defendants have caused Plaintiff's damages, which include, without limitation, the cost to properly repair Plaintiff's Property and any investigative and engineering fees incurred.

53.  For breach of contract, Plaintiff is entitled to regain the benefit of his bargain, which is the amount of his claims, consequential damages, together with attorney's fees.

54.  For non-compliance with the DTPA and Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of benefits owed pursuant to the Policy, mental anguish, court costs, and attorney's fees. For knowing and intentional conduct of the acts described above, Plaintiff asks for three (3) times his actual damages. TEX. INS. CODE §541.152 and TEX. BUS. & COM. CODE 17.50(b) (1).

55.  For non-compliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of his claims, plus an eighteen percent (18%) per annum penalty on those claims, as damages, as well as pre-judgment interest and reasonable attorney's fees. TEX. INS. CODE §542.060.

56.  For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from Defendants' breach of

duty, such as additional costs, economic hardship, losses due to the nonpayment of the amount State Farm owed, exemplary damages, and damages for emotional distress.

57.     Defendants' breach of the common law duty of good faith and fair dealing was committed intentionally, with a conscious indifference to Plaintiff's rights and welfare, and with "malice," as that term is defined in Chapter 41 of the Texas Civil Practices and Remedies Code. These violations are the type of conduct that the State of Texas protects its citizens against by the imposition of exemplary damages. Therefore, Plaintiff seeks the recovery of exemplary damages in an amount determined by the finder of fact sufficient to punish Defendants for their wrongful conduct and to set an example to deter Defendants and others from committing similar acts in the future.

58.     For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorneys subscribed to this pleading. Therefore, under Chapter 38 of the Texas Civil Practices and Remedies Code, sections 541 and 542 of the Texas Insurance Code, and section 17.50 of the DTPA, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

59.     As required by Rule 47(b) of the Texas Rules of Civil Procedure, Plaintiff's counsel states that the damages sought are in an amount within the jurisdictional limits of this Court. As required by Rule 47(b)(1) of the Texas Rules of Civil Procedure, Plaintiff's counsel states that Plaintiff seeks only monetary relief over $250,000.00 but not more than $1,000,000.00, including interest statutory or punitive damages and penalties, and attorney fees and costs. A jury will ultimately determine the monetary relief actually awarded, however. Plaintiff also seeks pre-judgment and post-judgment interest at the highest legal rate.

## REQUESTS FOR DISCLOSURE

60.     Under Texas Rules of Civil Procedure 190 and 194, Plaintiff requests that Defendants

disclose, within thirty (30) days from the date the first answer is filed, the information or

material described in Rules 190.2(b)(6) and 194.2.

## JURY DEMAND

61.     Plaintiff hereby requests a jury trial for all causes of action alleged herein, tried before a

jury consisting of citizens residing in Parker County, Texas.  Plaintiff hereby tenders the

appropriate jury fee.

## PRAYER

Plaintiff prays that Defendant, State Farm Lloyds, be cited and served to appear and that

upon trial hereof, Crystal Malone, recovers from Defendant, State Farm Lloyds such sums as

would reasonably and justly compensate Plaintiff in accordance with the rules of law and

procedure, as to actual, consequential, and treble damages under the Texas Insurance Code and

Texas Deceptive Trade Practices Act, and all punitive, additional, and exemplary damages as may

be found.  In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal

of this case, for all costs of Court expended on Plaintiff's behalf, for pre-judgment and post-

judgment interest as allowed by law, and for any other relief, at law or in equity, to which Plaintiff

may show she is so justly entitled.

Dated: April 17, 2023

Respectfully submitted,

By: /s/ *Chad T. Wilson*

Chad T. Wilson
Bar No. 24079587
Jay Scott Simon
Bar No. 24008040

13

CHAD T. WILSON LAW FIRM PLLC
455 E Medical Center Blvd, Ste 555
Webster, Texas 77598
Telephone: (832) 415-1432
**cwilson@cwilsonlaw.com**
**jsimon@cwilsonlaw.com**

ATTORNEYS FOR PLAINTIFF

# EXHIBIT D

Cause No.: CV23-0530

Filed: 5/3/2023 10:43 AM
Sharena Gilliland
District Clerk
Parker County, Texas

Tarryn Turnbow

## 43rd District Court
## Parker County, Texas
### 117 Fort Worth Highway
### Weatherford, Texas 76086

**THE STATE OF TEXAS**
April 17, 2023

State Farm Lloyds
Registered Agent
Corporation Service Company
211 East 7th St, Suite 620              or                              Wherever may be found
Austin, TX 78701

**NOTICE:  YOU HAVE BEEN SUED.**  YOU MAY EMPLOY AN ATTORNEY.  IF YOU OR YOUR ATTORNEY DO NOT FILE A WRITTEN ANSWER WITH THE CLERK WHO ISSUED THIS CITATION, AT 117 FORT WORTH HIGHWAY, WEATHERFORD, TEXAS, 76086, BY 10:00 A.M. ON THE MONDAY NEXT FOLLOWING THE EXPIRATION OF TWENTY (20) DAYS AFTER YOU WERE SERVED THIS CITATION AND PETITION, A DEFAULT JUDGMENT MAY BE TAKEN AGAINST YOU. IN ADDITION TO FILING A WRITTEN ANSWER WITH THE CLERK, YOU MAY BE REQUIRED TO MAKE INITIAL DISCLOSURES TO THE OTHER PARTIES OF THIS SUIT. THESE DISCLOSURES GENERALLY MUST BE MADE NO LATER THAN 30 DAYS AFTER YOU FILE YOUR ANSWER WITH THE CLERK. FIND OUT MORE AT TEXASLAWHELP.ORG

The suit is numbered **CV23-0530** and was filed in the **43rd District Court** in and for Parker County on **April 17, 2023,** and styled:

**Crystal Malone v. State Farm Lloyds**

Parties to the Suit:
Plaintiff(s):              **Crystal Malone**
Defendant(s):            **State Farm Lloyds**
The nature of the suit is shown in the copy of the attached petition.

ISSUED under my hand and seal in Weatherford, Parker County, Texas on this **17th day of April, 2023.**

**SHARENA GILLILAND**
District Clerk
Parker County, Texas

By: _____
       Deputy

Plaintiff(s) Attorney
Chad T. Wilson
455 E Medical Center BLVD STE 555
Webster, TX  77598
832-415-1432

Copy from re:SearchTX

## RETURN OF SERVICE

*Return to: Parker County District Clerk, 117 Fort Worth Highway, Weatherford, TX 76086*

Cause No.:    CV23-0530

**43rd District Court**
**Parker County, Texas**

*Crystal Malone v. State Farm Lloyds*

Came to hand on the ___8___ day of ___April___, 20_23_ at _9:00_ o'clock _A_.M. and executed on the _24th_ day of ___April___, 20_23_, at _5:50_ o'clock _P_.M. by delivering a true copy of this citation with a copy of the petition attached thereto to defendant _State Farm Lloyds by serving Corporation Service Company_ (name), ~~in person,~~ at _211 E. 7th St #620 Austin TX 78701_ (address) in ___Travis___ County, Texas.

[ ] Not executed. The diligence used in finding defendant being: _____

_____

[ ] Information received as to the whereabouts of defendant being: _____

_____

_By CMRRR 7022 3330 0001 1903 8000_

_____      _Daisy Garcia_
Sheriff/Constable/Clerk                                Printed Name of Authorized Person

_____
County                 *** OR ***             Signature of Authorized Person

_____      _19969_
Deputy                                    Certified Process Server ID No.
$

_____      _6/30/23_
Fees                                       Expiration Date

*The following to be completed by Authorized Person other than Sheriff, Constable or Clerk.* Tex. R. Civ. P. 107(e).

**State of** _Texas_                            **County of** _Dallas_

Before me _Carrie Dean_ the undersigned notary public on this day personally appeared _Daisy Garcia_ whose name is subscribed in the above and foregoing Return of Service and stated and acknowledged to me the facts stated therein are true and correct.

Given under my hand and seal of office this _2_ day of _May_ _____, 20_23_

CARRIE MICHELLE DEAN
Notary Public, State of Texas
(Seal) Comm. Expires 02-01-2026
Notary ID 133563213

                                            _Carrie M Dean_
                               *** OR ***       Notary Public

"My name is _____, my date of birth is _____
          (First)             (Middle)          (Last)                      (Month) (Day) (Year)

and my address is _____
                (Street)                         (City)        (State)      (Zip)    (Country)

I declare under penalty of perjury that the foregoing is true and correct." Executed in _____ County, State

of _____, on _____.
                            (Date)

_____
                               Declarant

Copy from re:SearchTX



Copy from re:SearchTX

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 75262715
Filing Code Description: Notice
Filing Description:
Status as of 5/3/2023 11:05 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Jay Scott Simon | 24008040 | jsimon@cwilsonlaw.com | 5/3/2023 10:43:49 AM | SENT |
| Shelby Myska | | smyska@cwilsonlaw.com | 5/3/2023 10:43:49 AM | SENT |

# EXHIBIT E

Filed: 5/12/2023 2:12 PM
Sharena Gilliland
District Clerk
Parker County, Texas

Jasie Pool

## CAUSE NO. CV23-0530

| | | |
|---|---|---|
| **CRYSTAL MALONE,** | § | **JUDICIAL DISTRICT COURT OF** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **PARKER COUNTY, TEXAS** |
| | § | |
| **STATE FARM LLOYDS,** | § | |
| | § | |
| **Defendant.** | § | **43RD JUDICIAL DISTRICT** |

### DEFENDANT STATE FARM LLOYDS'S
### ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL PETITION

Defendant State Farm Lloyds ("State Farm") files its Original Answer to Plaintiff's Original Petition. Without waiving any of the defenses pursuant to the policy of insurance that Plaintiffs purport to be claiming in this lawsuit and still insisting upon any and all policy conditions, exclusions, and other policy terms now or later arising, State Farm respectfully shows the Court as follows:

## I.
## GENERAL DENIAL

As authorized by Rule 92 of the Texas Rules of Civil Procedure, State Farm generally denies all of the material allegations contained in Plaintiff's Petition and any amendment or supplement to the Petition that Plaintiff may file in this lawsuit. In accordance with Texas law, Defendant demands that Plaintiff proves, by credible evidence meeting the requisite standard of proof, each and every allegation made and contained in this case.

## PRAYER

For the reasons stated Defendant respectfully prays that Plaintiff, Crystal Malone, take nothing by way of this lawsuit, and that Defendant has such other and further relief to which it may be justly entitled, whether at law or in equity.

Respectfully Submitted,

*/s/ Susan E. Egeland*
SUSAN E. EGELAND
State Bar No. 24040854
susan.egeland@faegredrinker.com
MATTHEW C. SAPP
State Bar No. 24063563
matt.sapp@faegredrinker.com
KRISTEN L. PERRY
State Bar No. 24090015
Kristen.perry@faegredrinker.com
FAEGRE DRINKER BIDDLE & REATH LLP
1717 Main Street, Suite 5400
Dallas, Texas 75201
(469) 357-2533
(469) 327-0860 (fax)

**ATTORNEYS FOR DEFENDANT
STATE FARM LLOYDS**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been forwarded to all counsel of record via eFile Texas on May 12, 2023.

*/s/ Susan E. Egeland*
SUSAN E. EGELAND

# EXHIBIT F

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| CRYSTAL MALONE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO.: _____ |
| | § | |
| STATE FARM LLOYDS, | § | |
| | § | |
| Defendant. | § | |

## AFFIDAVIT OF WESLIE SAWYER

This day appeared before me, the undersigned authority, WESLIE SAWYER, who after being duly sworn, deposed and stated as follows:

1. "My name is Weslie Sawyer. I am over the age of 18, I have never been convicted of a felony or crime involving moral turpitude, and I am otherwise competent to make this affidavit.

2. I am an Assistant Secretary - Treasurer of State Farm Lloyds, Inc. ("Lloyds, Inc."), attorney-in-fact for State Farm Lloyds. I am also a Finance Director for State Farm Mutual Automobile Insurance Company ("State Farm Mutual"). My business address is One State Farm Plaza, Bloomington, Illinois 61710-0001.

3. As part of my job duties for State Farm Mutual, I have access to and personal knowledge of the records of the department that prepares and files the Annual Statements and similar filings for State Farm Mutual and each of its property and casualty insurance subsidiaries and affiliates, including State Farm Lloyds.

4. State Farm Lloyds is an association of individual underwriters authorized to conduct business in Texas as a Lloyd's plan insurer as defined and set out in Chapter 941 of the Texas Insurance Code.

5. As a Lloyd's plan insurer, State Farm Lloyds has designated an attorney-in-fact as provided under Texas law. Lloyds Inc., a Texas business corporation, is the attorney-in-fact in Texas for State Farm Lloyds and, as such, Lloyds Inc. is the agent of State Farm Lloyds.

6. As an officer of these State Farm companies, I have knowledge of their respective directors, principal officers or underwriters, the type of entity each is, and other similar information. I have knowledge of the statements in this Affidavit pursuant to my duties in the above positions and they are true and correct.

1

7.      On June 24, 2022, the Texas Department of Insurance notified State Farm Lloyds that its Amended Articles of Agreement dated December 10, 2021 had been placed on file and that its records had been updated to reflect the following changes to the underwriters: Michele Celeste Russo replaced Annette Romero Martinez.

The current underwriters for State Farm Lloyds are listed below:

- Mark Edward Schwamberger: Mr. Schwamberger is domiciled in Illinois. His residence and full-time place of employment is in Illinois and he has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Wensley John Herbert: Mr. Herbert is domiciled in Illinois. His residence and full-time place of employment is in Illinois and he has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Katinka Meijerink Bryson: Ms. Bryson is domiciled in Illinois. Her residence and full-time place of employment is in Illinois and she has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Michael James Arnold: Mr. Arnold is domiciled in Illinois. His residence and full-time place of employment is in Illinois and he has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Kenneth Edward Heidrich: Mr. Heidrich is domiciled in Illinois. His residence and full-time place of employment is in Illinois and he has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Patricia Elizabeth Roark: Ms. Roark is domiciled in Illinois. Her residence and full-time place of employment is in Illinois and she has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Kimberly Ann Sterling: Ms. Sterling is domiciled in Illinois. Her residence and full-time place of employment is in Illinois and she has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Deon Sherie Johnson: Ms. Johnson is domiciled in Illinois. Her residence and full-time place of employment is in Illinois and she has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Justin Michael Tipsord: Mr. Tipsord is domiciled in Illinois. His residence and full-time place of employment is in Illinois and he has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Sara Gay Frankowiak: Ms. Frankowiak is domiciled in Illinois. Her residence and full-time place of employment is in Illinois and she has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

2

- Craig Dean Isaacs:  Mr. Isaacs is domiciled in Illinois.  His residence and full-time place of employment is in Illinois and he has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Michele Celeste Russo:  Ms. Russo is domiciled in Illinois.  Her residence and full-time place of employment is in Illinois and she has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

8.      At all times since the June 24, 2022 acceptance of the latest Amended Articles of Agreement by the Texas Department of Insurance, the above named underwriters have had their residences and full time places of employment in the State of Illinois.

FURTHER AFFIANT SAYETH NAUGHT."

WESLIE SAWYER

SUBSCRIBED TO AND SWORN TO before me, the undersigned authority on this the 10th day of May, 2023.

OFFICIAL SEAL
KAREN HAMILTON
NOTARY PUBLIC - STATE OF ILLINOIS
My Commission Expires: March 28, 2026

Notary Public for the State of Illinois

3

# EXHIBIT G

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| **CRYSTAL MALONE,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO.: _____** |
| | § | |
| **STATE FARM LLOYDS,** | § | |
| | § | |
| **Defendant.** | § | |

## LIST OF COUNSEL OF RECORD

**Counsel for Plaintiff**

Chad T. Wilson
State Bar No. 24079587
cwilson@cwilsonlaw.com
eservice@cwilsonlaw.com
Jay Scott Simon
State Bar No. 24008040
jsimon@cwilsonlaw.com
Chad T. Wilson Law Firm PLLC
455 E. Medical Center Blvd., Suite 555
Webster, Texas 77598
(832) 415-1432
(281) 940-2137 (Fax)

**Counsel for Defendants**

SUSAN E. EGELAND
State Bar No. 24040854
susan.egeland@faegredrinker.com
MATTHEW C. SAPP
State Bar No. 24063563
matt.sapp@faegredrinker.com
KRISTEN L. PERRY
State Bar No. 24090015
Kristen.perry@faegredrinker.com
FAEGRE DRINKER BIDDLE & REATH LLP
1717 Main Street, Suite 5400
Dallas, Texas  75201
(469) 357-2500 (Telephone)
(469) 327-0860 (Facsimile)